■ MARIE DE FELICE, Appellant, v ARTHUR DE FELICE, Respondent.—In a matrimonial action, plaintiff appeals from so much of an order of the Supreme Court, Rockland County, entered February 28, 1979, as, upon reargument, adhered to its original determination denying plaintiff's motion to apply defendant's sequestered pension benefits to the payment of plaintiff's counsel fees. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and plaintiff's motion is granted to the extent that the receiver of defendant's sequestered pension benefits is directed to apply a portion of the monthly benefits to the payment of counsel fees, and the matter is remitted to Special Term for a determination of the portion of the monthly pension benefits to be so applied. After fleeing the jurisdiction, the defendant husband has obtained a foreign decree of divorce and has defaulted on his family support obligations, including the award of counsel fees. The only assets which defendant left in New York are the proceeds of a retirement pension fund. Such benefits have been previously sequestered to be applied towards the payment of alimony and child support, including a small allowance to offset arrears. Plaintiff now seeks to further use the sequestered pension benefits for the payment of awarded counsel fees. Section 243 of the Domestic Relations Law specifically provides for sequestration for such purpose. Nor is there a persuasive reason to create a special exception regarding the application of the statute to pension funds. Courts have frequently allowed the attachment of pension benefits for the satisfaction of family support obligations, including counsel fees (see *American Tel. & Tel. Co. v Merry,* 592 F2d 118; *Cogollos v Cogollos,* 93 Misc 2d 406; *Fordyce v Fordyce,* 80 Misc 2d 909). Therefore, plaintiff's application to use the sequestered benefits to pay the awarded counsel fees should have been granted. However, on the instant record it is impossible to ascertain the amount of benefits which may be properly applied to the payment of the counsel fees. Accordingly, the matter is remitted to Special Term for this determination. Rabin, J. P., Margett, Martuscello and Weinstein, JJ., concur.